IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Connie Lynch, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | No.   1:20-cv-2202 |
| ) | |
| SSI Group, LLC, an Indiana limited ) | |
| liability company, d/b/a Receive ) | |
| Revenue Recovery, ) | |
| ) | |
|    Defendant. ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Connie Lynch, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Connie Lynch ("Lynch"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect defaulted consumer debts that she allegedly owed to Teachers Credit Union.

4. Defendant, SSI Group, LLC, d/b/a Receive Revenue Recovery ("SSI"), is

an Indiana limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana.  In fact, SSI was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

5. Defendant SSI is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant SSI conducts business in Indiana.

6. Defendant SSI is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7. On May 14, 2020, Ms. Lynch filed a Chapter 7 bankruptcy petition in a matter styled In re: Lynch, S.D.Ind.Bankr. No. 20-02855-JJG-7. Among the debts included in her bankruptcy were debts she allegedly owed to Teachers Credit Union, see, Schedule E/F to the bankruptcy petition, a portion of which is attached as Exhibit C.

8. Accordingly, on May 17, 2020, Teachers Credit Union was sent notice of the bankruptcy by the court via U.S. Mail, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline, which is attached as Exhibit D.

9. Plaintiff's bankruptcy is a matter of public record, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the

bankruptcy "scrub" services.

10. Nonetheless, Defendant SSI sent Ms. Lynch collection letters, dated August 12, 2020, demanding payment of the Teachers Credit Union debts that are subject to her bankruptcy; these letters threatened to file a lawsuit against Ms. Lynch. Copies of these collection letters are attached as Group Exhibit E.

11. Defendant's violation of the FDCPA was material because Defendant's demand for payment, after she had filed for bankruptcy, made Plaintiff believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Defendant's collection actions, including attempting to collect a debt subject to her bankruptcy and the threat of a lawsuit and the expense of additional "costs", alarmed, confused and distressed Ms. Lynch.

12. All of Defendant SSI's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the

3

character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A), as well as the false threat to take an action that cannot be legally taken, or that is not intended to be taken, see 15 U.S.C. § 1692e(5)..

16. Demanding payment of debts that are subject to a bankruptcy is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004).

17. Moreover, Defendant's letters were false, deceptive or misleading because those letters threatened a lawsuit and stated that "[I]f we file suit in this matter, and win, we may ask the Court to impose additional costs", when, in fact, Defendant cannot sue on debts that are subject to a bankruptcy. Thus, SSI's letters further violate § 1692e of the FDCPA.

18. Defendant SSI's violations of § 1692e of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-13.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

21. Here, the bankruptcy and the notice issued by that court (Exhibit D), provided notice to cease communications and cease collections. By communicating

4

regarding these debts and demanding payment (Group Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

22.   Defendant SSI's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

23.   Plaintiff adopts and realleges ¶¶ 1-13.

24.   Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

25.   Defendant's letters used unfair or unconscionable means to collect a debt because those letters falsely threatened that "[I]f we file suit in this matter, and win, we may ask the Court to impose additional costs", when, in fact, Defendant cannot sue on debts that are subject to a bankruptcy. Thus, Defendant SSI's letters (Group Exhibit E) violated § 1692f of the FDCPA.

26.   Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Connie Lynch, prays that this Court:

1.   Find that Defendant SSI's debt collection actions violated the FDCPA;

2.   Enter judgment in favor of Plaintiff Lynch, and against Defendant, for

actual and statutory damages;

3.      Award Plaintiff her costs and reasonable attorneys' fees; and,

4.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Connie Lynch, demands trial by jury.

Connie Lynch,

By:/s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated: August 21, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com

6